**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Cisneros,<br><br>    Plaintiff,<br><br>vs.<br><br>Neuheisel Law Firm, P.C., a professional corporation, et al.,<br><br>    Defendants. | No. CV06-1467-PHX-DGC<br><br><br><br>**ORDER** |

Defendants have filed a Motion for Judgment on the Pleadings. Dkt. #18. Plaintiff has filed a response. Dkt. #21. Defendants have not replied. Defendants have also filed a Motion to Stay Discovery. Dkt. #19. Plaintiff has responded. Dkt. #20. Defendants have not replied. For the reasons set forth below, the Court will deny both motions.

Defendants seek dismissal of the complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A motion for judgment on the pleadings under Rule 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1998); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (stating that in ruling on a 12(c) motion, a court must accept as true all allegations in the plaintiff's complaint and treat as false all allegations in the defendant's answer that contradict the plaintiff's allegations). In other words, dismissal pursuant to Rule 12(c) is inappropriate if the facts as pled would entitle the plaintiff to a

1 remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir.
2 1995).

3 Plaintiff's complaint alleges that Defendants violated the Fair Debt Collection
4 Practices Act ("FDCPA") by filing a justice court lawsuit against Plaintiff that sought
5 liquidated attorneys' fees equal to 25% of the debt being collected. Dkt. #1. Defendants'
6 motion argues that the amount sought in attorneys' fees – $1,390.71 – was less than 20% of
7 the total debt and interest sought in the complaint, and therefore was legally permitted under
8 the Delaware law governing Plaintiff's credit card obligation. Dkt. #18 (*quoting* 10 Del. C.
9 § 3912).

10 As Plaintiff notes in his response, however, the Delaware law at issue does not state
11 that any fee less than 20% of the debt and interest is deemed to be reasonable and lawful.
12 Rather, the statute cited by Defendants provides that a party seeking to recover a debt may
13 also recover "reasonable counsel fees." 10 Del. C. § 3912. The law further provides that
14 such fees may not "exceed 20 percent of the amount adjudged for principal and interests."
15 The statute places a cap on the recoverable fees, but it does not state that fees below the cap
16 are recoverable as a matter of law. According to the terms of the statute, the fees must still
17 be "reasonable." *Id.* The written agreement between Plaintiff and his credit card company
18 likewise permitted recovery of "reasonable attorneys' fees." Dkt. #1.

19 Plaintiff's complaint alleges that the fee amount sought by Defendants in the justice
20 court complaint was not reasonable, that the fee was a fixed 25% of the debt being collected,
21 that the fixed nature of the fee was concealed from Plaintiff, and that the attempt to recover
22 an unreasonable and fixed fee violated the FDCPA. Dkt. #1. Taking the allegations of
23 Plaintiff's complaint as true, the Court cannot conclude as a matter of law that Defendants'
24 actions did not violate the FDCPA. The Court will therefore deny Defendants' motion to
25 dismiss.

26 Defendants motion to stay discovery seeks a postponement of discovery pending
27 resolution fo the motion to dismiss. Because the motion to dismiss has been resolved, the
28 motion to stay discovery will be denied. Plaintiff notes that Defendant Neuheisel has

unilaterally postponed at least two depositions noticed by Plaintiff.  Such postponements should not occur in the future.

**IT IS ORDERED:**

1. Defendants' Motion for Judgment on the Pleadings (Dkt. #18) is **denied**.

2. Defendants' Motion to Stay Discovery (Dkt. #19) is **denied**.

DATED this 13th day of December, 2006.

_____
David G. Campbell
United States District Judge