**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Joseph Cisneros, | ) | No. CV06-1467-PHX-DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Neuheisel Law Firm, P.C., a professional corporation, et al., | ) | |
| Defendants. | ) | |

The crux of the parties' dispute is whether Defendants' prayer for attorneys' fees in a state-court lawsuit to recover the debt owed by Plaintiff violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Based on the undisputed facts and circumstances of this case, the Court concludes that it did not.

**I.    Background.**

In May of 2000, Plaintiff Joseph Cisneros entered into a written agreement with Chase Manhattan Bank USA for a Platinum MasterCard credit card account. The cardmember agreement provided that "[i]f you do not make a payment when it is due, . . . we may, as permitted by law . . . require you to pay reasonable attorney's fees and any court costs in the collection of any amounts you owe under this Agreement." Dkt. #1 Ex. A at 5. The agreement further provided that it is "governed by the laws of the United States and the State of Delaware" and that "dispute[s] concerning any term in this Agreement will be resolved by those laws." *Id*.

As of November 2004, Plaintiff's credit card account had an outstanding balance of $5,562.85.  *See* Dkt. #1 Ex. A at 7.  Plaintiff's account was subsequently assigned to a different creditor, ANJ, Inc.  *See* Dkt. #44 ¶ 4.  On May 24, 2006, the Neuheisel Law Firm, representing ANJ, Inc., filed suit against Plaintiff in an Arizona justice court, seeking to recover the principal amount owed plus accrued interest.  *See* Dkt. #1 Ex. A at 1-3.  The complaint demanded "reasonable attorney's fees" of "at least $1,390.71 if this matter is contested" or "$1,390.71 if this matter proceeds to Judgment by default."  *Id*. at 3.  These amounts appeared only in the relief section of the complaint.  *See id*.  The parties ultimately settled the collection dispute and stipulated to dismissal of the justice court case with prejudice, each side to bear its own costs and fees.  *See* Dkt. #44 Ex. 2.

Plaintiff then initiated this action against the Defendants, challenging the permissibility of the attorneys' fees prayed for in the justice court complaint under the FDCPA.  Dkt. #1.  In particular, Plaintiff alleges that the attorneys' fees requested in the complaint are equal to 25% of the principal amount owed, that fixed fees are not authorized by the cardmember agreement, that the agreement only authorizes the recovery of reasonable attorneys' fees, that the requested attorneys' fees are not reasonable under Delaware law, and that the complaint was false and deceptive in that it did not disclose how the requested fees were calculated or that some of the fees, if received, would be paid to a non-legal entity.  *Id*.

The parties have filed motions for summary judgment.  Dkt. ## 43, 45.  Plaintiff has also filed a motion to strike.  Dkt. #51.  For the reasons explained below, the Court will grant Defendants' motion and deny Plaintiff's motions.[1]

## II.     Motions for Summary Judgment.

The FDCPA regulates how debt collectors interact with consumer debtors.  "[T]he purpose of [the statute is] to eliminate abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against debt collection abuses."

---

[1] Defendants' request for oral argument is denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decision.  *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1   15 U.S.C. § 1692(e).  The FDCPA forbids a debt collector from collecting "any amount

2   (including any interest, fee, charge, or expense incidental to the principal obligation) unless

3   such amount is expressly authorized by the agreement creating the debt or permitted by law."

4   15 U.S.C. § 1692f(1).  The statute also prohibits a debt collector from making a false

5   representation of "the character, amount, or legal status of any debt" (§ 1692e(2)(A)) or from

6   using "any false representation or deceptive means to collect or attempt to collect any debt

7   or to obtain information concerning a consumer" (§ 1692e(10)).  Plaintiff alleges that

8   Defendants' complaint in the justice court, the only creditor-debtor communication at issue

9   in this case, violated these provisions.  *See* Dkt. #1 ¶¶ 22-29, 56-58; *see also* Dkt. #49 at 3.

10          **A.      Application of the FDCPA to the Complaint.**

11          As a threshold matter, it is not clear that the complaint is subject to the FDCPA.  In

12  *Thweatt v. Law Firm of Koglmeier, Dobbins, Smith & Delgado, P.L.C.*, 425 F.Supp.2d 1011

13  (D. Ariz. 2006), this Court found a split in the federal courts regarding whether a summons

14  and complaint are a creditor-debtor communication for purposes of the FDCPA.  *See id*. at

15  1013.  The Court noted an absence of cases in the Ninth Circuit addressing this issue.  *See*

16  *id*.  Persuaded primarily by the rationale of a Seventh Circuit decision, *Thomas v. Law Firm*

17  *of Simpson & Cybak*, 392 F.3d 914 (7th Cir. 2004) (en banc), the Court found that a

18  summons and complaint may constitute a creditor-debtor communication under the FDCPA.

19  *See Thweatt*, 425 F.Supp.2d at 1014.

20          *Thomas* has been called into question since the FDCPA was amended.  As the Seventh

21  Circuit recently acknowledged, "[g]iven this amendment and the limited rationale of *Thomas*

22  itself, it is far from clear that the FDCPA controls the contents of pleadings filed in state

23  court."  *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir.

24  2007).  The Court need not resolve this question today.  Even assuming the FDCPA applies

25  to Defendants' complaint, the Court concludes that the statute is not offended by the

26  complaint's prayer for attorneys' fees.

27

28

**B.      The Attorneys' Fees Request Did Not Violate the FDCPA.**

Defendants claim that "a request for attorney fees, including a request for a particular amount of those fees[,] is not a violation of the FDCPA." Dkt. #43 at 6.  Plaintiff argues that Defendants' prayer for attorneys' fees is unlawful because liquidated attorneys' fees are not expressly authorized by the cardmember agreement.  *See* Dkt. #45.  In support of this contention, Plaintiff relies primarily on *Kojetin v. C U Recovery, Inc.*, No. Civ.97-2273, 1999 WL 1847329 (D. Minn. Mar. 29, 1999).  In *Kojetin*, the district court held that "reasonable collection costs" charged to a debtor "cannot be derived from a fee based solely on a percentage of the outstanding debt." *Id*. at *2  n.3.  The Eighth Circuit affirmed, "agree[ing] with the district court's conclusion that [the collection agency] violated the FDCPA when it charged [the debtor] a collection fee based upon a percentage of the principal balance that remained due rather than the actual cost of the collection." *Kojetin v. C U Recovery, Inc.*, 212 F.3d 1318 (8th Cir.2000) (per curiam).

As this Court previously noted, however, "*Kojetin* does not prohibit the use of a percentage altogether, but rather states that '[the collection agency's] notice violated the Act by adding the collection fee based on a percentage rather than on actual costs when [the debtor's] *agreement with the credit union provided she was liable only for actual costs*.'" *Boatley v. Diem Corp.*, No. 03-0762, 2004 WL 5315892, *5 (D. Ariz. Mar. 24, 2004) (emphasis in original) (quoting *Kojetin*, 212 F.3d at 1318).  In this case, the underlying agreement provides for the recovery of "reasonable" attorneys' fees; it is not limited to "actual" attorneys' fees.  Moreover, Plaintiff does not contend that Delaware law prohibits reasonable attorneys' fees from being calculated on a percentage basis.  To the contrary, as Plaintiff notes, Delaware law specifically permits courts to consider whether the fee agreement is fixed or contingent in determining whether a requested fee amount is reasonable.  Dkt. #45 at 9; *see General Motors Corp. v. Cox*, 304 A.2d 55, 57 (Del. 1973). Contingent fees often are calculated on a percentage basis.

Moreover, the collection agency in *Kojetin* directly charged the debtor for collection fees, effectively representing to the debtor that the costs were actually due the collection

- 4 -

1  agency.  Defendants' request for attorneys' fees in the justice court complaint cannot be
2  construed as a direct charge to Plaintiff – it merely conveyed to the justice court what
3  Defendants claimed to be reasonable attorneys' fees.  *See Winn v. Unifund CCR Partners*,
4  No. CV 06-447, 2007 WL 974099, at *3 (D. Ariz. Feb. 13, 2007); *Argentieri v. Fisher*
5  *Landscapes*, 15 F.Supp.2d 55, 61 (D. Mass. 1998) ("A prayer for relief in a complaint, even
6  where it specifies the quantity of attorney's fees, is just that: a request to a third party – the
7  court – for consideration, not a demand to the debtor himself.").

8      For similar reasons, Plaintiff's reliance on *Stolicker v. Muller, Muller, Richmond,*
9  *Harms, Myers, and Sgroi, P.C.*, No. 1:04-CV-733, 2005 WL 2180481 (W.D. Mich. Sept. 9,
10  2005) is misplaced.  In *Stolicker*, a creditor filed a motion for default judgment and sought
11  attorney's fees that were a percentage of the principal debt.  *Id*.  Of significance, the creditor
12  stated in an affidavit that it was entitled to this amount "pursuant to [an] agreement made by
13  [the debtor]."  *Id*. at *1.  Here, as in *Winn*, Defendants "quote[] a specific level of attorney's
14  fees in [the] prayer for damages, but . . . do[] not allege that this specific amount is required
15  by the terms of the credit card agreement."  *Winn*, 2007 WL 974099 at *8.  Put another way,
16  "[t]he complaint makes a request; it does not inaccurately characterize the content of the
17  credit card agreement."  *Id*.

18      Plaintiff additionally argues that "[v]iewing Defendants' complaint through the
19  perspective of th[e] objective least sophisticated consumer, Defendants' prayer for $1390.71
20  constitutes an absolute entitlement to $1390.71 in attorney fees."  Dkt. #59 at 10.  In support
21  of this proposition, Plaintiff cites *Foster v. D.B.S. Collection Agency*, 463 F.Supp.2d 783
22  (S.D. Ohio 2006).  In *Foster*, the district court noted that "[f]rom the perspective of the 'least
23  sophisticated consumer,'" a prayer for relief that included a demand for attorneys' fees
24  "constitutes an absolute entitlement to attorney fees[.]"  *Id*. at 802.  This issue was of
25  relevance to the court because attorneys' fees were not recoverable under the applicable state
26  law.  *Id*.  Therefore, the concern in *Foster* was not whether the defendants misled the debtors
27  by suggesting that the creditors could receive attorneys' fees of a certain type (i.e., fees that
28  reflect a fixed percentage of the amount to be collected), but whether the defendants misled

1   the debtors by suggesting the defendants could receive any attorneys' fees at all.  The parties

2   in this case do not dispute that some attorneys' fees may be recovered by Defendants.

3       An examination of Defendants' justice court complaint reveals that the least

4   sophisticated consumer would not interpret the complaint as a representation that Defendants

5   were absolutely entitled to $1,390.71.  The body of the complaint alleges that Defendants are

6   entitled to collect "reasonable" attorneys' fees pursuant to the contract.  No dollar amount

7   is stated in connection with this allegation.  Dkt. #1, Ex. A at 3.  The prayer for relief then

8   seeks reasonable attorneys' fees "in the amount of at least $1,390.71."  *Id*.  The fact that the

9   prayer alleges a specific amount is no more binding on Plaintiff than any other factual

10  allegation in the complaint.  "It is what it purports to be – a 'prayer' or request for a certain

11  amount of attorney's fees."  *Winn*, 2007 WL 974099 at *3.  In addition, the structure of the

12  complaint indicates that the prayer for relief is aspirational – it describes what the collection

13  agency seeks if it prevails, including "such other and further relief as the Court may deem

14  just and proper."  Dkt. #1, Ex. A at 3.  "Even the 'least sophisticated debtor' would

15  understand that [the attorneys' fees sought in the prayer for relief] is not an explicit part of

16  his agreement.  Instead, it is what his creditor would like the court to conclude is reasonable.

17  He might have to pay it; he might not."  *Winn*, 2007 WL 974099 at *3[2]; *see, Argentieri*, 15

18  F.Supp.2d at 61 ("A request for attorney's fees ultimately rests upon the discretion of the

19  court and a determination of applicability at a later stage of the litigation.").

20      In sum, the complaint alleges that the collection agency is "entitled to its reasonable

21  attorney's fees" upon a favorable judgment and asks the justice court for an amount of fees

22

23

24  [2]Plaintiff suggests that *Winn* "misapplied the sophisticated debtor standard."  Dkt. #47 at 10.  Plaintiff urges the Court instead to consider *Foster*.  As explained above, however, *Foster* is inapplicable to this case.  Plaintiff also cites to *Gionis v. Javitch, Block & Rathbone*, Nos. 06-3048, 06-3171, 2007 WL 1654357 (6th Cir. June 6, 2007).  In *Gionis*, the complaint was accompanied by an affidavit stating that attorney's fees were recoverable where the state law did not permit the recovery of such fees.  Here, an affidavit was not submitted along with the complaint, and there is no dispute that attorneys' fees could be awarded under the cardmember agreement and applicable Delaware law.

25

26

27

28

1    that the agency considers to be reasonable.  Because the recovery of reasonable attorneys'

2    fees was expressly permitted by the cardmember agreement, and Defendants' complaint

3    sought to recover reasonable fees, Defendants' conduct in seeking the fees from the justice

4    court did not violate the FDCPA's proscription on collection of amounts not expressly

5    authorized by the agreement or permitted by law, nor did it constitute a false representation

6    of the character, amount, or legal status of any debt or a false representation or deceptive

7    means of collecting a debt.

8              **C.    Whether the Requested Attorneys' Fees were "Reasonable."**

9              Plaintiff claims that Defendants violated the FDCPA by seeking an amount of

10   attorneys' fees that was not reasonable.  In effect, Plaintiff contends that Defendants lawfully

11   could have included a generic prayer for "reasonable attorneys' fees" in their complaint, but

12   that they violated the FDCPA when they specified an unreasonable amount in their prayer.

13   The Court does not agree.  The two possible forms of complaint – one seeking reasonable

14   fees generally and the other seeking a specific amount of alleged reasonable fees – would

15   have had precisely the same legal effect.  Both would assert a claim for reasonable fees and

16   put the amount of such fees in issue.  Both would ask the Court to determine the amount to

17   be awarded in light of the cardmember agreement and the eight factors identified in Delaware

18   law.  *See Cox*, 304 A.2d at 57.  The Court cannot conclude that Defendants' complaint

19   crossed the line from lawful to a violation of the FDCPA merely by including the amount of

20   fees Defendants claimed to be reasonable.  As explained above, the prayer did not seek an

21   unlawful fee, nor did it constitute a deceptive debt collection effort.

22             Several courts have rejected Plaintiff's argument that the amount of fees sought in a

23   prayer for relief can constitute a violation of the FDCPA. *See Cheng v. Messerli & Kramer,*

24   *P.A.*, No. 06-3054, 2007 WL 1582714 at *2 (D. Minn. May 30, 2007) (citing cases); *Winn*,

25   2007 WL 974099, at *2-3; *Bull v. Asset Acceptance, LLC*, 444 F.Supp.2d 946, 949-952 (N.D.

26   Ind. 2006); *see also Kirscher v. Messerli & Kramer, P.A.*, No. 05-1901, 2006 WL 145162,

27   at *5 (D. Minn. Jan. 18, 2006) (rejecting claim that law firm's attempts to collect reasonable

28

1    attorneys' fees violated FDCPA in requesting an amount based on a contingency fee).  The

2    Court agrees with these cases.

3          Plaintiff argues that the fee request was illegal under Delaware law because it violated

4    the statutory ban on fees in excess of 20% of the principal and interest owed.  *See* 10 Del. C.

5    § 3912.  Defendants demonstrate without dispute, however, that the $1,390.71 sought in the

6    complaint constituted less than 20% of the $7,565.48 in principal and interest owed on

7    Plaintiff's debt.  Dkt. #43 at 5.  Plaintiff also argues that Defendants' request for attorneys'

8    fees was deceptive because it concealed that the request was a percentage of the amount

9    owed and that part of the attorneys' fees would be submitted to a non-legal entity, Collect

10   America, which performs account management services for the Neuheisel Law Firm.  *See*

11   Dkt. #45.  These arguments go to the reasonableness of the fee requested, an issue that does

12   not give rise to a violation of the FDCPA for reasons set forth above.  As also concluded

13   above, the prayer for relief did not constitute a misleading communication to Plaintiff, but

14   instead was an aspirational request for fees from the justice court.  Had Plaintiff chosen to

15   do so, he could have litigated the reasonableness of the fee request fully in the justice court,

16   making all of the arguments there that he makes here.  Plaintiff would not have been bound

17   or misled by the amount sought in Defendants' prayer for relief.  The prayer for relief was

18   a pleading concerning a disputed issue in court – a pleading Plaintiff was free to controvert

19   and litigate in full.  It did not violate the FDCPA.[3]

20   **III.    Motion to Strike.**

21         Plaintiff moves to strike an affidavit of Ms. Neuheisel on the grounds that it is a sham

22   affidavit that flatly contradicts Ms. Neuheisel's previous sworn statements and that was

23   submitted in order to generate a genuine issue of material fact.  Dkt. #51 at 2 (quoting *EEOC*

24

25         _____

26         [3]Plaintiff suggests that Defendants' arguments are foreclosed by the Court's prior
     ruling on a motion for judgment on the pleadings.  *See* Dkt. #25.  The Court held in that
27   order, however, only that it could not enter judgment in favor of Defendants because their
     requested fee was less than the 20% cap established by Delaware law.  *Id*. at 2.  The Court
28   did not address the more complete issues briefed in the motions for summary judgement.

*v. Lennar Homes of Az., Inc.*, No. CV-03-1827, slip op. at 23 (D. Ariz. Sept. 30, 2005) (citation omitted)); *see* Dkt. #50 at 22-23; Dkt #51 Exs. A and B.  As the Court did not rely on the affidavit in resolving the issues addressed in this order, the motion to strike will be denied as moot.

**IT IS ORDERED:**

1.      Defendants' motion for summary judgment (Dkt. #43) is **granted**.

2.      Plaintiff's motion for summary judgment (Dkt. #45) is **denied**.

3.      Plaintiff's motion to strike (Dkt. #51) is **denied** as moot.

4.      The clerk of court is directed to **terminate** this action.

DATED this 3rd day of January, 2008.

David G. Campbell
United States District Judge